Bradley *v.* Davis.

## DANIEL W. BRADLEY *vs.* DANIEL DAVIS.

An action of *trespass* cannot be supported against one, coming to the possession of goods lawfully, for any subsequent unlawful conversion of them.

Whoever abuses an authority derived from law becomes thereby a trespasser *ab initio ;* but it is otherwise, where the authority is derived from the party bringing the suit.

THIS was an action of *trespass* for taking and carrying away a harness of the value of $30, alleged to be the property of the plaintiff. The plaintiff introduced testimony to show, that the harness originally belonged to one *Jameson*, who sold it to the plaintiff; that the harness remained in the possession of *Jameson*, who was authorised by the plaintiff to sell it for him ; that *Jameson* agreed with the defendant to sell him the harness on condition, that he should pay ten dollars in cash on the *Monday* following, and secure the payment of the residue ; that the defendant then took the harness, promising to return it the following *Monday*, if he did not before that time pay the money and give the security ; and that neither was done ; that the agent of the plaintiff did not sell the harness, or give the defendant any permission to keep it, unless payment was made and security given. He also proved, that the defendant afterwards sold the harness to another person.

The defendant contended, that there was an absolute sale to him by *Jameson*, and attempted to prove, that a trustee process had been served on him, as the trustee of *Jameson*. Among other instructions requested by the counsel for the defendant, was one, that upon the facts testified to by the plaintiff's witnesses, no demand having been proved upon the defendant, *trespass* would not lie. Upon this point, *Weston C. J.*, who tried the action, instructed the jury, that *trover* would have been the more appropriate remedy; but that if *Jameson* had made no sale, and had reserved to the plaintiff, whom he represented, the possession on the *Monday* following his interview with the defendant, the plaintiff was entitled to the immediate possession on *Monday*, and that the sale and transfer afterwards by the defendant, might be regarded as a *trespass*. The verdict was for the plaintiff, and was to be set aside, if the jury were erroneously instructed.

*J. Appleton*, for the defendant.

*Trespass* will in no case lie, when the goods were lawfully delivered. 1 *Sch. & Lef.* 322. No definition of *trespass* can be found which excludes force directly and immediately applied. The criterion of *trespass* is force directly applied. 2 *Sergt. & Rawle*, 360. The original act must be wrongful, and no subsequent act by relation can make the act, originally lawful, a *trespass*. 1 *Wend.* 109; 3 *Wend.* 242; *Buller's N. P.* 32. Detention does not make one a trespasser. 20 *Johns.* 467; 15 *Johns.* 401; 7 *Johns.* 140. The person guilty of a wrongful act is not of course a trespasser. Where the bailee of a beast put out to be kept, shall sell or kill it, he is not liable in *trespass*, though doubtless he would be in *trover*. The principles on which the two actions are founded are different, and frequently higher damages can be recovered in *trespass* than in *trover*. 2 *Saund.* 47, note 1; 4 *East*, 110; *Co. Lit.* 200; *Com. Dig. Trespass, D*; *Bro. Trespass*, 216; 1 *T. R.* 480; 1 *Bur.* 35; *Cro. Eliz.* 824; 12 *Wend.* 536; 14 *Johns. R.* 352; 4 *Pick.* 467. *Trespass ab initio* is confined to cases of authority conferred by law. 5 *Taunt.* 198; 5 *Dane*, 557; 5 *Bac. Abr.* 162; *Com. Dig. Trespass, D*; 11 *Johns. R.* 380.

*Rogers*, for the plaintiff, contended, that the sale by the defendant to a third person, after the license to retain the property had

expired, made him a trespasser. All right over the property had ceased, and any act of the defendant in relation to it, injurious to the plaintiff, was without justification or excuse, and made him a trespasser. 3 *Stark. on Ev.* ed. by *M. & J. Trespass, and authorities there cited.* It is very easy to run through the books, and show, that upon any given state of facts *trespass* will or will not lie. The books mean merely, that where the taking was rightful, and there has been no subsequent misuse of the property, that *trespass* will not lie. In this case, if the defendant had merely neglected to return the harness on *Monday*, perhaps *trespass* could not have been supported. But after that time he disposed of the property to a third person, who took it away beyond the reach or knowledge of the plaintiff. He had no more right to do this, than to have taken the harness from the stable of the plaintiff without leave, and sold it. Nor is there any ground for saying, that where the taking was originally by consent for one purpose, and the property is converted to a different purpose, that *trespass* will not lie. If the defendant had borrowed a horse to go to *Oldtown*, and had gone to *Augusta*, directly the other way, he would have been liable in *trespass*. He could not justify the act by any authority from the owner.

After a continuance, *nisi*, the opinion of the Court was drawn up by

WESTON C. J. — The general property in the harness being in the plaintiff, drew after it such a constructive possession in him, as would enable him to maintain trespass against a stranger. The bailee being answerable to the general owner, may also bring trespass; and the right to maintain it attaches in him, who first brings the action. But a party shall not be charged as a trespasser for goods, which he received by delivery from the owner. *Williams*, in his notes to *Saunders*, 2 *Saund.* 47, *note* 1, says, that where the taking is lawful or excusable, trespass cannot be supported; but the owner must bring trover. And such was the opinion of the Court in *Cooper* v. *Chitty*, 1 *Burrow*, 20, and in *Smith et al.* v. *Miller*, 1 *T. R.* 475. In *ex parte Chamberlain*, 1 *Schoales & Lefroy*, 320, *Lord Chancellor Redesdale* says, that trespass cannot be brought for goods that were lawfully delivered.

Bradley *v.* Davis.

If a party comes to the possession of goods lawfully, for any subsequent unlawful conversion of them, the appropriate remedy is trover. And this action will lie, where trespass will, for the unlawful taking is a conversion. But *Sergeant Williams*, in the note before cited, says, that the converse of this proposition is not true.

It has been ingeniously argued by the counsel for the plaintiff, that any act is a trespass, in relation to the goods of another, for which there is no justification or excuse. But the remedy for every such act, is not trespass *vi et armis*. That would be confounding all distinction between trespass and trover. Every unlawful conversion, is without justification or excuse. If a man hires a horse to use two days, and he continues to use him the third day, it could hardly be contended that trespass would lie; although such use would be unlawful; and the owner would be entitled to the immediate possession. Yet being the general owner, and as such having a constructive possession, he might undoubtedly maintain trespass against a stranger, who should presume to use the horse on the third day. The ground of distinction is, that the taking by the stranger, would be tortious from the first. If *A* permits his goods to remain with *B* for his own use, and *B* delivers them to *C* to carry to another place, trespass does not lie by *A* against *C*. 6 *Comyns, Trespass, D.* The reason is, that *B* had the goods by delivery from the owner.

In the *Six Carpenters'* case, 8 *Coke*, 146, it was resolved, that whoever abuses an authority or license derived from the law, becomes thereby a trespasser *ab initio*; but that it is otherwise, where the license or authority is derived from a party. And *Baron Comyns* deduces from that case the general principle, that if a man has license or authority from the plaintiff himself, trespass does not lie against him, though he abuses his license by misfeasance. 6 *Comyns, Trespass D.*

The opinion of the Court is, that upon the facts in the case, an action of trespass cannot be supported.

*Verdict set aside.*