## BUTMAN v. WRIGHT.

Where in support of an action of trespass *de bonis asportatis* containing but a single count, the plaintiff introduces evidence of the taking of the property, and its value, and rests his case ; and the defendant thereupon justifies under legal process ; the plaintiff can not introduce farther evidence of subsequent illegal proceedings under the process, either to show thereby a conversion of the property, or that the defendant by means of the above became a trespasser *ab initio*.

TRESPASS, for taking and carrying away sundry goods and chattels of the plaintiff, November 1, 1843.

The declaration contained a single count.

The defendant pleaded the general issue, and filed a brief statement setting forth that he was at the time captain of a company of militia in which the plaintiff was a private ; that the defendant duly issued warrants to Peter Gilson clerk of the company, for the collection of certain fines incurred by the plaintiff, and that Gilson served and sold the property in question.

The plaintiff in support of the action proved the taking of the articles mentioned in the declaration, by Peter Gilson, under the order and direction of the defendant, with the value of the property, and rested his case.

The defendant introduced evidence tending to show the truth of the matters set forth in the brief statement.

The plaintiff then offered evidence to show that the defendant after having given directions to Gilson respecting the seizure of the property, superintended its sale, and after sufficient had been sold to satisfy the fines and all costs, directed the remainder to be sold, which was done.

The defendant objected to the latter evidence, upon the ground that it proved, if any, a trespass different and distinct from the one relied upon in support of the action ; but the plaintiff contended that having in the first instance issued the warrant and directed the seizure of the property upon it, the defendant by reason of the sub-

sequent unlawful sale made by his direction, became as to that property a trespasser *ab initio*.

The court admitted the evidence, and instructed the jury, that if they found the property was lawfully seized October 2d, by direction of the defendant, but also found that, after sufficient property had been sold to satisfy the fines and costs, the defendant ordered the sale of the residue, the plaintiff was entitled to a verdict for the value of such residue.

The jury found for the plaintiff, and the defendant moves for a new trial.

*Farley,* for the defendant. The sale of the residue, after sufficient had been sold to pay the fines and costs, was not the act of taking; it was a mere conversion which had no relation back. The warrants having been satisfied, the subsequent proceeding was a new act.

*G. Y. Sawyer,* for the plaintiff. Had the defendant acted as agent of the clerk, there might be a question as to his liability; but he acted throughout as principal, and is so liable.

PARKER, C. J. The plaintiff, having put in evidence the original taking as a trespass, must rely on that, or some part of it, to support the action. No more than one distinct trespass can be proved under one count, unless it be in cases where the plaintiff declares with a continuando, or alleges the acts to have been done on divers days and times. 1 Chitty Pl. 384; 1 Wm. Saund. L. 24, note 1; 4 N. H. 345.

The original taking, if it stood alone, would be justified. Where goods are seized by virtue of several warrants, some legal and some illegal, the naked seizure may be justified by the legal warrants, although more was seized than was necessary for the purposes of the legal warrants. 3 N. H. 20.

---

Whoever abuses an authority derived from the law, thereby becomes a trespasser from the beginning; but it is otherwise where the authority is derived from a party. In such case the action should be trover. 14 Maine 47; 8 Coke 146.

A person assisting an officer in a legal service of a legal process, will not become a trespasser by a subsequent abuse of his authority by the officer. 12 Mass. 506. But if he unite in the abuse, he may be equally liable.

The sale of the remainder of the property in this case, after the process was satisfied, amounted to a conversion of the property sold. 8 Pick. 440; 7 Mass. 123. And as this was done by direction of the defendant, he may be liable for it. Possibly it might be regarded as an abuse which would vitiate the whole proceedings from the beginning.

But the plaintiff can not, after having elected to treat the original taking as the trespass for which he brought his action, where that is justified, give evidence of another and distinct act of wrong or trespass. That is not in avoidance of the evidence offered by the defendant, but is another cause of action, making therefore a new case.

*New trial.*